```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
_____

GLENNELL M. SMITH,              )
                                )
      Plaintiff,                )
                                )
vs.                             )     No. 12-2640-JFT-dkv
                                )
MICHAEL HUERTA, Acting          )
Administrator for the FEDERAL   )
AVIATION ADMINISTRATION,        )
                                )
      Defendant.                )
_____

   ORDER DIRECTING CLERK TO SUBSTITUTE RAY H. LaHOOD AS PROPER
             DEFENDANT IN PLACE OF MICHAEL HUERTA
                             AND
     REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
```

On July 18, 2012, the plaintiff, Glennell M. Smith ("Smith"), proceeding *pro se* and *in forma pauperis*, initiated this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, alleging that her former employer, the defendant, Michael Huerta, as Acting Administrator for the Federal Aviation Administration, discriminated against her on the basis of race, color, and gender by subjecting her to what she termed "severe harassment" in the workplace. (*Pro Se* Compl., D.E. 1.) This case has now been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Order of Referral, D.E. 19.)

As a preliminary matter, the Clerk of the Court is DIRECTED to substitute Ray H. LaHood ("LaHood"), Secretary of the United States Department of Transportation, as the proper defendant in place of Michael Huerta. *See Hancock v. Egger*, 848 F.2d 87-89 (6th Cir. 1988)(construing 42 U.S.C. § 2000e-16(c), which "mandates who may be a proper defendant in civil actions brought by federal employees to enforce rights under Title VII," as requiring that plaintiffs suing subunits of cabinet-level departments name the relevant department head as defendant).

Before the court is the January 22, 2013 motion of LaHood pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss Smith's complaint for lack of subject-matter jurisdiction. (Mot. to Dismiss, D.E. 13.) Because Smith failed to respond to the motion to dismiss within the twenty-eight days allotted for doing so under Local Rule 12.1, the court issued an order on March 28, 2013, giving Smith fourteen days to show cause why this case should not be dismissed. (Order to Show Cause, D.E. 20.) On April 10, 2013, Smith filed a response to the January 22, 2013 motion to dismiss. (*Pro Se* Resp. to Def.'s Mot. to Dismiss, D.E. 21.) For the reasons set forth below, it is recommended that LaHood's motion to dismiss be granted.

I. FACTUAL AND PROCEDURAL BACKGROUND[1]

On or about August 31, 2007, Smith filed an EEO complaint with the United States Department of Transportation's Federal Aviation Administration ("the agency"), alleging discrimination on the basis of race, gender, handicap, and reprisal in relation to a June 13, 2007 memorandum reassigning her job duties and a June 22, 2007 Letter of Admonishment for absences without official leave and failure to follow agency procedures. On September 22, 2008, a hearing on this matter was held at the Memphis, Tennessee district office of the United States Equal Employment Opportunity Commission (EEOC) before Administrative Judge ("ALJ") Lana Layton of the federal-sector hearings unit The ALJ issued a bench decision at the end of the hearing concluding that Smith had failed to meet her burden to show that

---

[1] The facts herein are taken from the complaint as well as from the administrative record in this case. Although the court "primarily considers the allegations in the complaint" in ruling on a Rule 12(b)(6) motion to dismiss, it may also examine and take into account "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." *Gardner v. United States*, 443 Fed. App'x 70, 73 (6th Cir. 2011) (quoting *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001))(internal quotation marks omitted). Therefore, the court's review of the administrative record here does not convert the motion to dismiss into one for summary judgment. *Cf. Brown v. Walgreens Income Prot. Plan for Store Managers*, No. 10-14442, 2012 WL 1060093, at *3 (E.D. Mich. Mar. 29, 2012)(rejecting plaintiff's argument that, because defendants' motion to dismiss relied in part on the administrative record, the motion should be treated as one for summary judgment); *Bradfield v. Corr. Med. Servs.*, No. 1:07-CV-1016, 2008 WL 5685586, at *4 (W.D. Mich. July 3, 2008)(taking judicial notice of documents filed in related agency proceeding in ruling on a 12(b)(6) motion to dismiss).

the agency's proffered nondiscriminatory reasons for its actions were pretextual.

On January 22, 2009, the agency issued a final order fully implementing the ALJ's decision. Smith appealed the agency's final order to the EEOC Office of Federal Operations, which affirmed on September 28, 2011. Smith then timely requested reconsideration of the affirmance. On March 27, 2012, the EEOC issued a decision denying the motion for reconsideration, and in that decision, informed Smith that the decision was final and she had no further right of administrative appeal in her case and that, if she wished to file a civil action in district court, she would need to do so within ninety days of receiving the decision.

Smith filed her Title VII complaint in the United States District Court for the Western District of Tennessee on July 18, 2012. LaHood has moved to dismiss the complaint on the grounds that Smith's failed to file suit in district court within ninety days of the EEOC decision.

## II. ANALYSIS

After receiving "notice of final action taken . . . by the Equal Employment Opportunity Commission," a party then has ninety days to file a private Title VII action in federal district court. *See* 42 U.S.C. § 2000e-16(c). Citing Smith's failure to file suit within the prescribed ninety days, LaHood seeks dismissal under Federal Rule of Civil Procedure 12(b)(1)

4

for lack of subject-matter jurisdiction. "It is well-settled," however, "that the ninety day right to sue provision [in Title VII cases] is an administrative condition precedent, rather than a jurisdictional prerequisite." *Mitchell v. Chapman*, 343 F.3d 811, 820 n. 10 (6th Cir. 2003). Consequently, when it is contended that a plaintiff has failed to file suit within the ninety-day period, the issue is more properly analyzed under Rule 12(b)(6) for failure to state a claim upon which relief can be had as opposed to under Rule 12(b)(1) for lack of jurisdiction. Accordingly, the court will convert LaHood's Rule 12(b)(1) arguments into arguments under Rule 12(b)(6) for failure to satisfy an administrative condition precedent to suit.

To survive Rule 12(b)(6) dismissal following the United States Supreme Court's opinions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than

5

conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

It is apparent even from the face of the complaint that March 27, 2012, is the date Smith received notice of her ninety-day right to file suit in district court. (*See* Compl., D.E. 1 ¶ 8.) The Sixth Circuit applies a rebuttable presumption that the right-to-sue notice is received, for purposes of section 2000e-16(c), on the fifth day following the date the EEOC mails the notice. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000). Thus, unless the plaintiff rebuts this presumption with proof that she did not receive the notice within the five-day period, the ninety-day limitations term is deemed to have begun running on that fifth day.

Accordingly, here, it is presumed that Smith received the March 27, 2012 EEOC decision and notice of right to sue on April 2, 2012. Smith offers no evidence to rebut the presumption,

and, as such, this court concludes that the ninety-day limitations period began to run on April 2, 2012, and that it expired on July 2, 2012. As Smith filed her complaint in district court on July 18, 2012, she failed to meet the ninety-day time requirement.

In her response to the motion to dismiss, Smith does not dispute that she filed her complaint after the expiration of the ninety-day limitations period. In fact, she fails altogether to address the fact that her suit is untimely. She instead, somewhat curiously, recites a description of the Civil Rights Act of 1991 and implores the court to provide her "the opportunity to prove to the court the acts of Discrimination, Retaliation, Reprisal, and Harassment" alleged in her complaint. (*Pro Se* Resp. to Def.'s Mot. to Dismiss, D.E. 21.)

Title VII's ninety-day time limit is to be "strictly enforced" as a condition precedent to suit in federal district court. *See Graham-Humphreys*, 209 F.3d at 557. In dismissing a *pro se* Title VII complaint for failure to file within an applicable limitations period, the Supreme Court in *Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984) (per curiam), admonished that "procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Id.* at 152. Accordingly, Smith's complaint is

time-barred, and for that reason this court recommends that her complaint be dismissed.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that Smith's complaint be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted this 29th day of April, 2013.

                                      s/ Diane K. Vescovo
                                      Diane K. Vescovo
                                      United States Magistrate Judge

### NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.