IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| GLENNELL M. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:12-cv-02640-JTF-dkv |
| | ) | |
| MICHAEL HUERTA, Acting Administrator for the FEDERAL AVIATION ADMINISTRATION, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**AND**
**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant's Michael Huerta, Acting Administrator for the Federal Aviation Administration, Motion to Dismiss for Lack of Subject-Matter Jurisdiction, pursuant to Federal Rules of Civil Procedure 12(b)(1), filed on January 22, 2013. (D.E. #13). On March 27, 2013, Defendant's Motion to Dismiss was referred to the Magistrate, pursuant to 28 U.S.C. §§631-39. (D.E. #19). Plaintiff Glennell M. Smith failed to respond timely to Defendant's Motion to Dismiss, causing the Magistrate to file an Order to Show Cause on March 28, 2013. (D.E. #20). On April 10, 2013, Plaintiff filed its Response in Opposition to Defendant's Motion to Dismiss. (D.E. #21). The Magistrate entered her Report and Recommendation Granting Defendant's Motion to Dismiss on April 29, 2013. (D.E. #22). No objections were filed against the Magistrate's Report and Recommendation.

1

The Court has reviewed the Magistrate Judge's Report and Recommendation, the Magistrate's legal analysis, Defendant's Motion, Plaintiff's Response, and the entire record. The Court ADOPTS the Magistrate's Report and Recommendation Granting Defendant's Motion to Dismiss. Therefore, Defendant's Motion to Dismiss Plaintiff's Complaint is hereby GRANTED.

## I.     LEGAL STANDARD

A district judge has the discretion to refer dispositive matters to a magistrate judge to conduct a hearing and propose findings of fact and recommendations. 28 U.S.C. § 636(b)(1)(B) ("[A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by the judge of court, of any motion excepted in subparagraph (A) [for which a motion to dismiss or quash an indictment or information made by the defendant is included]"). The district court judge has the authority to review the magistrate judge's proposed findings of fact and recommendations under a de novo determination. *See* 28 U.S.C. § 636(b)(1)(C); *See e.g. Baker v. Peterson*, 67 Fed.App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."); *U.S. v. Raddatz*, 447 U.S. 667,676 (1980) (quoting Matthews v. Weber, 423 U.S. 261, 275 (1976) ("in providing for a 'de novo determination' Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")

## II.    ANALYSIS

       **A. Magistrate Judge properly analyzed Defendant's Fed. R. Civ. P. 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction under a Fed. R. Civ. P. 12(b)(6) Framework**

The Magistrate Judge properly found that Defendant's Rule 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction should be analyzed under a Rule 12(b)(6) framework for Failure to State a Claim, or as stated in the Report and Recommendation, "failure to satisfy an administrative condition precedent." (D.E. #22, 5). In this case, Plaintiff, as an employee of the Federal Aviation Administration, is held to the requirements of 42 U.S.C. § 2000e-16(c). Specifically, 42 U.S.C. § 2000e-16(c) states in pertinent part that,

> Within 90 days of receipt of notice of final action by . . . the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex, or national origin . . . an employee or applicant for employment, if aggrieved by the final disposition of his complaint . . . may file a civil action as provided in section 2000e-5 of this title.

The Sixth Circuit is clear in stating that, "a party's exhaustion of administrative processes for filing a claim of discrimination is a condition precedent to filing suit in the district court, rather than a jurisdictional perquisite." *Mitchell v. Chapman*, 343 F.3d. 811, 819-820 (6th Cir. 2003). As additional clarification, the *Mitchell* Court further opines that, "conditions precedent are similar to statutes of limitations. . . a dismissal for failing to comply with a statute of limitations is a decision on the merits for claim preclusion purposes." *Mitchell*, 343 F.3d 820; *See also, Truitt v. County of Wayne*, 148 F.3d 644, 646-47 (6th Cir. 1998)("[W]e hold that [an administrative condition precedent requiring a plaintiff to file suit within ninety days of receiving a right to sue letter from the EEOC] is not a jurisdictional requirement, but, instead, is a timing requirement similar to a statute of limitations, subject to waiver, estoppel and equitable tolling.") Thus, instead of dismissing a plaintiff's claim under Fed. R. Civ. P. 12(b)(1), lack of subject matter jurisdiction, the Court must dismiss the claim under Fed. R. Civ. P. 12(b)(6), failure to

state a claim upon which relief can be granted.  *See Gordon v. England*, 254 Fed.App'x. 975, 978 (6th Cir. 1998).

In this case, Defendant argues that Plaintiff failed to file her complaint with the federal court within the ninety-day time period. Accordingly, Defendant's Motion to Dismiss, alleging Plaintiff's failure to comply within the time limitations, is an attack on the merits.  Therefore, the Magistrate properly analyzed the Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).

### B. Magistrate Judge properly determined that Plaintiff's complaint fails to state a claim upon which relief can be granted.

The Magistrate Judge correctly found that Plaintiff's complaint fails under Fed. R. Civ. P. 12(b)(6).  Here, the facts are straightforward. Plaintiff received the final decision from the EEOC on March 27, 2012.  The Sixth Circuit follows the rebuttable presumption that the plaintiff receives the right to sue notification within five (5) days of the EEOC mailing the notice.  *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*. 209 F.3d 552, 557 (6th Cir. 2000). Thus, it is presumed that Plaintiff received her notice of right to sue on April 2, 2012. Because Plaintiff's ninety-day limitation began running after her presumed receipt of April 2, 2012, the deadline for Plaintiff to file her complaint with the federal court was July 2, 2012.  However, Plaintiff did not file her complaint until July 18, 2012.  Furthermore, Plaintiff does not deny that she failed to file her complaint timely.

Thus, without objection, it is evident that Plaintiff's complaint failed to adhere to the ninety-day filing requirement of 42 U.S.C. § 2000e-16(c).  Therefore, the Magistrate properly found that Plaintiff's complaint should be dismissed as time barred.

### III.     CONCLUSION

For the reasons set forth above, the Court Adopts the Magistrate Judge's Report and Recommendation to Grant Defendant's Motion to Dismiss.  Therefore, Defendant's Motion to Dismiss is GRANTED.

IT IS SO ORDERED this 25th day of June, 2013.

                                                            BY THIS COURT:

                                                            ***/s/John T. Fowlkes, Jr.***
                                                            JOHN T. FOWLKES, JR.
                                                            United States District Judge